IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Torledo Wall<br>*an individual, Pro Per*,<br><br>                    Plaintiff,<br><br>         v.<br><br>Richland County Library, Richland Library *a Government Non profit Corporation*, Richland Library Sandhills *a Government Non profit Organization*, and John Sell *an individual*,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:24-cv-05010-JDA<br><br>**OPINION AND ORDER** |

    This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 23.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

    Plaintiff filed a pro se Complaint on September 12, 2024. [Doc. 1.] On December 5, 2024, the Magistrate Judge issued a Report recommending that the action be dismissed without leave or further amendment. [Doc. 23.] The Report construed the Amended Complaint to allege or potentially allege claims for racial discrimination in violation of 42 U.S.C. § 1981 and claims for denial of full benefits of public accommodation under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* ("Title II"), as well as a claim brought under 42 U.S.C. § 1983 and claims for false imprisonment and defamation. [Doc. 23 at 5–20.] The Magistrate Judge recommends dismissing this action without prejudice given Plaintiff's failure to state a federal claim upon which relief can be

granted. [Doc. 23.] Specifically, the Magistrate Judge concluded that the Amended Complaint includes only conclusory allegations that fail to establish that Defendants intended to discriminate based on race and fail to allege the existence of a contractual relationship between himself and Defendants. [*Id*. at 7–8.] The Magistrate Judge also found that the Amended Complaint fails to satisfy all four requirements of a claim under Title II and alleges no facts that would support a finding that he was treated less favorably than similarly situated persons who are not members of the protected class of which he is a member. [*Id*. at 9–12.] Additionally, the Magistrate Judge found that the Amended Complaint fails to state a claim upon which relief can be granted under § 1983. [*Id*. at 12–17.] Lastly, the Magistrate Judge found that Plaintiff's federal claims for false imprisonment and defamation fail to provide a basis for this Court's jurisdiction, and the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over the pendent state-law claims. [*Id*. at 18–20.]

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 21.] On December 19, 2024, Plaintiff filed objections to the Report. [Doc. 26.] In his brief objections, Plaintiff opposes dismissal and generally states that "[a]ll recommendations were based on errors of fact and contrary to law." [*Id.* at 2.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may

accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the action is DISMISSED without prejudice to Plaintiff's right to pursue his claims in state court, and without issuance and service of process.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 23, 2024
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.